# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| SEACLEAR INDUSTRIES MFG, INC, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC., an Arkansas corporation.<br><br>Defendant. | NO.<br><br>COMPLAINT |

Plaintiff, Seaclear Industries Mfg, Inc ("Seaclear"), alleges as follows:

## I. PARTIES

1.1  Seaclear is an active Washington corporation. It has satisfied all conditions precedent to maintaining this action.

1.2  Defendant FedEx Freight, Inc. ("FedEx") is, upon information and belief, an Arkansas corporation authorized to do business in the State of Washington.

## II. VENUE AND JURISDICTION

2.1  Venue is proper in Whatcom County because, by way of example and not limitation, it is the county in which the cause of action arose.

2.2  By way of example and not limitation, this Court has personal jurisdiction over Defendant because it conducts business in the State of Washington, executed contracts

COMPLAINT – 1

governing goods shipped in interstate commerce from the State of Washington, and committed violations of the Interstate Commerce Act in the State of Washington.

2.3 This Court has subject matter jurisdiction because this is an action seeking legal and equitable relief.

### III. FACTS

3.1 Seaclear is one of the region's most innovative glass design and manufacturing companies. For more than 30 years, it has provided first-class marine products to businesses and government agencies across the United States, including electrically-heated film and glass, window frames, anti-fog films, glass fabrication, heaters, and defoggers. In addition, Seaclear provides marine services and repairs; including window resealing, corrosion repair, and frame modification.

3.2 FedEx provides truckload freight transportation throughout the United States, including the State of Washington. In addition, upon information and belief, FedEx has shipment and distribution centers in Whatcom County, Washington.

3.3 Seaclear has maintained an account and has utilized FedEx as its primary carrier for more than 10 years.

3.4 On or about July 9, 2021, Seaclear and FedEx executed a Uniform Straight Bill of Lading ("Bill of Lading"), in which FexEx acknowledged receipt of a crate of marine windows ("Windows" or "Goods") from Seaclear, to be shipped to receiver and consignee, Gulf Island Fabrication ("Gulf Island"), a fabricator of marine vessels. FedEx agreed to ship the Windows from Seaclear's manufacturing plant in Bellingham, Washington, to Gulf Island receiving in Houma, Louisiana ("Shipping Destination"). The Windows were valued at more than $60,000.

3.5 FedEx loaded and took possession of the Windows that same day.

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (888) 371-4133

3.6     The crate, which weighed approximately 3,200 pounds, was properly assembled, packaged, and handled by Seaclear in accordance with industry custom and practice before possession was transferred to FedEx. The Windows were provided to FedEx in good and reasonable condition, without any impairment, damage, or defect whatsoever.

3.7     While in FedEx's care, custody, and control, the Windows, their frames, and their electronic heating components were significantly damaged.

3.8     Due to the damage, the Windows were nonsaleable. As a result, they were refused by Gulf Island and returned to Seaclear.

3.9     Upon inspection of the returned crate, Seaclear learned that it could refurbish and reuse some of the stainless-steel frames. However, the remaining glass and window components were not salvageable.

3.10    Seaclear filed a claim with FedEx for $41,000, the value of the Windows less the stainless-steel frames Seaclear determined could be refurbished.

3.11    FedEx acknowledged receipt of the claim on August 5, 2021.

3.12    FexEx denied the claim on September 1, 2021, refusing to pay any of Seaclear's loss.

3.13    Afterward, FedEx informed Seaclear that it possesses video footage that demonstrates how the damage occurred, but refused to allow Seaclear to review it.

3.14    Despite demand, FedEx has failed and refused to compensate Seaclear for its loss.

### IV. FIRST CAUSE OF ACTION:
### VIOLATION OF THE CARMACK AMENDMENT (49 U.S.C. § 14706)

4.1     The foregoing paragraphs are incorporated by reference as though fully realleged herein.

COMPLAINT – 3

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (888) 371-4133

4.2 At all times relevant hereto, FedEx was engaged in the business of transporting property and goods for hire as a motor carrier in interstate commerce.

4.3 Seaclear and FedEx executed a Bill of Lading, in which FedEx acknowledged receipt of the Windows and agreed to ship the Windows from Seaclear's manufacturing plant in Bellingham, Washington, to receiver and consignee, Gulf Island, in Houma, Louisiana.

4.4 FedEx took possession of the Windows on or about July 9, 2021. At the time, the Windows were in good reasonable condition, without any impairment, damage, or defect whatsoever.

4.5 While in FedEx Freight's care, custody, and control, the Windows, their frames, and their electronic heating components were significantly damaged.

4.6 By failing to deliver the Windows to the Shipping Destination in the same order and condition as they were received, FedEx violated its duties under the Carmack Amendment, 49 U.S.C. § 14706.

4.7 FedEx is liable for Seaclear's actual loss in an amount to be established at trial, but is no less than, $41,000, plus pre- and post-judgment interest thereon, costs, expenses, and attorneys' fees.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendant in an amount to be proven at trial;

B. Reasonable attorneys' fees and costs pursuant to statute or common law;

C. Leave to amend the Complaint as necessary; and

D. For such other legal and equitable relief as the Court may deem just and proper.

COMPLAINT – 4

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (888) 371-4133

DATED this 29th day of October, 2021.

NOLD MUCHINSKY, PLLC

/s/ Brittany J. Faulkner
Brian M. Muchinsky, WSBA #31860
Brittany J. Faulkner, WSBA #54457
Attorneys for Plaintiff

COMPLAINT – 5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

SEACLEAR INDUSTRIES MFG, INC, a Washington corporation,

                Plaintiff,

v.

FEDEX FREIGHT, INC., an Arkansas corporation.

                Defendant.

NO.

SUMMONS

TO:   Defendant

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons (or sixty (60) days if you are served outside the state of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days

SUMMONS – 1

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (888) 371-4133

1  after you serve the demand, Plaintiff must file this lawsuit with the court, or the service on you of
2  this summons and complaint will be void.
3      If you wish to seek the advice of an attorney in this matter, you should do so promptly so
4  that your written response, if any, may be served on time.
5      This Summons is issued pursuant to Civil Rule 4 of the Rules of the Superior Courts of
6  Washington.
7      DATED this 29th day of October, 2021.

                        NOLD MUCHINSKY, PLLC

                        /s/ Brittany J. Faulkner
                        Brian M. Muchinsky, WSBA #31860
                        Brittany J. Faulkner, WSBA #54457
                        Attorneys for Plaintiff

SUMMONS – 2

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (888) 371-4133